**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4736**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

LEWIS CARNELL JACKSON,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:07-cr-00110-FL-1)

Submitted:  March 24, 2011            Decided:  April 12, 2011

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a two-day trial, a jury found Lewis Carnell Jackson guilty of one count of conspiracy to distribute and possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2006), one count of aiding and abetting the possession with the intent to distribute marijuana, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2010), one count of using, carrying, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006), and one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The district court sentenced Jackson to 360 months' imprisonment.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but asking this court to review whether: the district court erred in denying Jackson's motion to suppress post-arrest statements to law enforcement officials; the court erred in arraigning Jackson on the superseding indictment; trial counsel rendered ineffective assistance by failing to call certain persons to testify on behalf of the defense; Jackson was prejudiced when several jurors observed him in jail attire and shackles; and the 360-month prison sentence violates the Double Jeopardy Clause of the Fifth Amendment.

Jackson has filed a pro se supplemental brief raising several issues. We affirm.

We review the factual findings underlying the denial of a motion to suppress for clear error, United States v. Richardson, 607 F.3d 357, 369 (4th Cir.), cert. denied, 131 S. Ct. 427 (2010), which exists where we are "left with the definite and firm conviction that a mistake has been committed," United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted). When a defendant's suppression motion has been denied, we construe the evidence in the light most favorable to the government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). We also defer to the district court's credibility determinations. See United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008). With these standards in mind, and having reviewed the transcript of the suppression hearing, we conclude that the district court did not err in denying Jackson's motion to suppress.

Counsel also questions whether the district court erred in arraigning Jackson on the superseding indictment. Because Jackson raised no challenge to his arraignment in the district court, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Vonn, 535 U.S. 55, 59 (2002). Under Fed. R. Crim. P. 10(a), an arraignment must be conducted in open court and must consist of: ensuring the defendant has a

3

copy of the indictment or information; reading the indictment or information to the defendant; and asking the defendant to enter a plea to the indictment or information. After review of the transcript of the arraignment, we conclude that the district court substantially complied with the requirements of Rule 10(a) in arraigning Jackson and that the court's omission did not violate Jackson's substantial rights. Accordingly, we discern no plain error in the district court's arraignment procedures.

Next, counsel questions whether trial counsel rendered ineffective assistance by failing to call two of Jackson's co-conspirators to testify on his behalf at trial. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id. An exception exists, however, where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). After review of the record, we find no conclusive evidence that trial counsel rendered ineffective assistance, and we accordingly decline to consider this claim on direct appeal.

Counsel questions whether Jackson was prejudiced when three or four members of the jury observed him in his jail

4

jumpsuit and shackles when he was being transported to the courthouse on the second day of trial. We conclude that the jurors' brief and inadvertent observation of Jackson in this condition does not amount to prejudice requiring reversal of his convictions. See United States v. Lattner, 385 F.3d 947, 959-60 (6th Cir. 2004); United States v. Halliburton, 870 F.2d 557, 560-61 (9th Cir. 1989).

Counsel also questions whether Jackson's 360-month prison sentence violates the Double Jeopardy Clause of the Fifth Amendment because his prior convictions were used in the calculation of his offense level and criminal history category under the U.S. Sentencing Guidelines Manual (2006). This claim is meritless. See United States v. Watts, 519 U.S. 148, 155 (1997) (per curiam); Witte v. United States, 515 U.S. 389, 400 (1995).

Finally, we have reviewed the remainder of the record in accordance with Anders and the claims raised in Jackson's pro se supplemental brief and conclude that no meritorious issues remain for appeal. We therefore affirm the district court's judgment and deny Jackson's motions to relieve counsel.

This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition

5

would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jackson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED